IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANNETT L. HERRON,

    Plaintiff,

v.                                          Civil Action No. 5:12CV44
                                                       (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Annett L. Herron, filed an application under Title XVI of the Social Security Act for Social Security Income ("SSI") on September 24, 2009. In her application, the plaintiff alleges disability beginning August 7, 2009 due to neck problems, leg pain, acid reflux, and glaucoma.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on July 25, 2011, before an administrative law judge ("ALJ"). At this hearing, the plaintiff testified on her own behalf, as did a vocational expert ("VE"). On August 9, 2011, the ALJ issued a decision finding that the plaintiff was not disabled because the plaintiff's impairments do not meet the criteria of any listing and the plaintiff has the residual functional capacity ("RFC") to perform light work with

certain restrictions.  The Appeals Council denied plaintiff's request for a review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment.  The plaintiff also filed a response to defendant's motion for summary judgment.  On August 24, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and the case be remanded to the Commissioner for a determination of benefits.  Upon submitting his report and recommendation, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  <u>See</u> <u>Webb v. Califano</u>, 458 F.

Supp. 825 (E.D. Cal. 1979). Here, no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In her motion for summary judgment, the plaintiff alleges that the ALJ's decision should be reversed because the decision is not supported by substantial evidence nor reached upon a correct application of the law. In support of this motion, the plaintiff argues that the ALJ failed to properly consider listing 12.05(C) because she presented evidence of valid IQ scores between 60 and 70, and had a second impairment imposing significant work-related limitations.

The Commissioner contends that the ALJ's decision, finding that the plaintiff was not disabled and had the RFC for a significantly reduced range of light work was supported by substantial evidence. Specifically, the Commissioner argues that: (1) the ALJ properly considered all relevant listings and correctly concluded that plaintiff's mental impairment did not meet the required criteria for listing 12.05(C); and (2) the evidence submitted to the Appeals Council after the ALJ's decision does not warrant a remand. In the plaintiff's response to the Commissioner's motion, she again argues that the ALJ's decision is

based on an error of law because the ALJ failed to properly consider listing 12.05(C). She also argues that the psychological evidence submitted to the Appeals Council does support at least a remand of this matter because it shows that the plaintiff has a valid IQ score between 60 and 70 as required by listing 12.05(C).

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Magistrate Judge Seibert issued a report and recommendation in which he found that the ALJ's decision that the plaintiff did not meet the requirements of listing 12.05(C) was not based on substantial evidence. As stated in the magistrate judge's report and recommendation, to meet the impairment for mental retardation in listing 12.05(C) a plaintiff must show: (1) deficits in adaptive functioning before age twenty-two; (2) a valid verbal, performance, or full scale IQ of 60 to 69; and (3) a physical or other mental

4

impairment imposing additional and significant work-related limitation of function. The magistrate judge found that the plaintiff did meet these three requirements. First, he found that the plaintiff did have deficits in adaptive functioning prior to her twenty-second birthday. To determine this the magistrate judge reviewed the record and found not only educational deficits, but also a lack of work history and a deficiency in social functioning that would indicate deficits in adaptive functioning. Second, the magistrate judge found the plaintiff had a valid IQ of between 60 and 69 based on tests that, while not in front of the ALJ, were presented to the Appeals Council and were thus made part of the record that this Court must consider. Lastly, the magistrate judge found that the severe impairments found by the ALJ, including degenerative arthritis, cervical spine, and stable hypertension, among others, conclusively established the "additional limitation" requirement, which is the third requirement.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI is not supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the report and recommendation, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is DENIED; the plaintiff's motion for summary judgment is GRANTED; and this civil action is REMANDED to the Commissioner for a determination of benefits. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 4, 2012

                                      <u>/s/ Frederick P. Stamp, Jr.</u>
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE